**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.   ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

**<u>Not for Publication</u>**

LETTER OPINION AND ORDER

July 24, 2009

**<u>VIA CM/ECF</u>**
All counsel of record

    Re:    <u>Bogart v. Moda Entertainment</u>
            <u>Civil Action No. 08-5712 (KSH)(MAS)</u>

Dear Counsel:

This matter has come before the Court on the Motion to Withdraw as Counsel of Cowan, Debaets, Abrahams & Sheppard LLP ("The Firm")(Matthew A. Kaplan, Esq. appearing), attorneys for Defendants Moda Entertainment, Inc. and Shannon Mulholland.  Plaintiff does not object to the motion.

Local Civil Rule 102.1 provides that, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."  New Jersey Rule of Professional Conduct 1.16(b) permits an attorney to withdraw from representing a client if:

    (1)    withdrawal can be accomplished without material adverse effect on the interests of the client;
    (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
    (3)    the client has used the lawyer's services to perpetrate a crime or fraud;

      (4)     the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
      (5)     the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
      (6)     the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
      (7)     other good causes shown for withdrawal exists.

N.J. RPC 1.16(b); *see also Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

Even if counsel seeking to withdraw demonstrates "good cause" as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the court. RPC. 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"). Following a finding of good cause for withdrawal, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines*, 814 F. Supp. at 423; *accord U.S. ex. rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc.*, 994 F. Supp. 244, 252-253 (D.N.J. 1997).

Corporate entities can only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") (*citing to Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829 (1824)); *accord Simbraw v. U.S.*, 367 F.2d 373 (3d Cir. 1966); *see also Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 165 (3d Cir. 2007) (Nygaard, J., concurring in part and dissenting in part) ("To me, the law is crystal clear:

in federal courts, a corporation must be represented by counsel . . . . This requirement cannot be waived") (internal citations omitted).  A law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm "serves no meaningful purpose." *Buschmeier*, 222 Fed. Appx. at 163 (*citing to Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986) (per curiam)).

In determining whether an appearance serves "no meaningful purpose," the court must consider, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties." *Buschmeier*, 222 Fed. Appx. at 164 (*citing Fidelity Nat'l Title Ins. Co. of New York v. Intercountry Nat'l Title Ins. Co.,* 310 F.3d 537 (7th Cir. 2002)).

Under the facts of the present case, the Court finds that The Firm's continued representation of Defendant serves "no meaningful purpose" and that the Plaintiff will suffer no prejudice from allowing The Firm to withdraw as counsel.  The matter has not been scheduled for trial and Plaintiff has filed no opposition to the present motion for withdrawal.

Therefore, it is **ORDERED THAT**:

1. Cowan, Debaets, Abrahams & Sheppard LLP is hereby relieved as counsel for Defendants Moda Entertainment, Inc. and Shannon Mulholland.

2. Cowan, Debaets, Abrahams & Sheppard LLP is to serve a copy of this order on Defendants Moda Entertainment, Inc. and Shannon Mulholland by **July 31, 2009.**

3. Cowan, Debaets, Abrahams & Sheppard LLP must advise Defendants that they have until **August 31, 2009** to enter the appearance of new counsel.

4. This matter is scheduled for a telephone status conference on **September 3, 2009 at 2:30 p.m.** Counsel for Plaintiff must initiate the call to (973) 645-3827.

    s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**United States Magistrate Judge**